## Edwards v. Indiana-Kentucky Oil & Gas Co.

## Same v. McDermott.

(Decided Dec. 2, 1932.)

J. F. SUTTON and C. C. TURNER for appellant.
ROSE & STAMPER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Virgil Edwards did certain work for the Indiana-Kentucky Oil & Gas Company under a contract, amounting to, as he claimed, $1,030.09, and he duly filed in the county clerk's office his lien. On April 29, 1930, he brought this action against the company to enforce his lien. The company admitted an indebtedness of $818.93, and set up this affirmative defense. Edwards and S. N. McDermott were partners engaged in the oil and gas business. McDermott was the secretary and treasurer of the Indiana-Kentucky Oil & Gas Company. McDermott had furnished money to the partnership, and Edwards turned over to him his claim against the Indiana-Kentucky Oil & Gas Company, directing him to collect it from the company and credit it on what Edwards owed McDermott on the partnership, and this he had done. The suit brought by Edwards against the oil and gas company was referred to a commissioner to report the amount due Edwards, as it was a complicated account. The commissioner filed a report fixing the amount as claimed by Edwards. The company filed exceptions to the report. Then S. N. McDermott filed an equitable action against Virgil Edwards, in which he sought a settlement of the partnership. Edwards filed answer. The issues were made up, and at the next term of the court the two cases were heard together, and the evidence in the second case was heard orally by the court and taken down by a stenographer. At the conclusion of the evidence, the circuit court entered judgment dismissing Edwards' petition against the Indiana-Kentucky Oil & Gas Company, and also adjudging that, as between McDermott and Edwards, neither was entitled to a judgment against the other, and that each should pay one-half of the cost of the action. From this judgment Edwards appeals.

These questions are presented: (1) Was Edwards' petition against the Indiana-Kentucky Oil & Gas Com-

pany properly dismissed? (2) Was Edwards entitled to relief against McDermott in the action to settle the partnership?

■ The proof clearly shows that Edwards turned over his account against the oil and gas company to McDermott, directing him to collect it and credit Edwards by the amount on the partnership account, and that McDermott did this. The payment to McDermott satisfied the account, for it was a payment made pursuant to the authority which Edwards had conferred upon McDermott, and upon the whole case the court does not see that the chancellor erred in holding that the amount so paid was all that was due McDermott by the oil and gas company at that time. Edwards' petition against the oil and gas company was therefore properly dismissed.

■ At the conclusion of the oral evidence, a colloquy ensued between the court and counsel as to certain items in the account, and at the conclusion of this colloquy the court said:

> "You can enter a judgment there showing that McDermott is entitled to recover off of him whatever he collected from the Kentucky-Indiana Company and both pay their own costs, and I will leave them just exactly where I found them. You can consolidate the two cases. That might miss it a hundred dollars one way or the other, but it won't miss it much, and the costs would eat it up, and that is the best I can do for you, gentlemen."

It is earnestly insisted for Edwards that the court should not have dismissed the petition, but should have referred the case to a commissioner to make a settlement of the accounts. But the record does not show any objection by Edwards to anything that the court did before he announced his judgment. The evidence was heard orally, evidently by consent, as it was an equity action. There was no motion to refer the case to the commissioner to make a settlement of the partnership, and it is apparent from the record that the court, as the evidence was heard, was keeping a record of the different items in dispute. Appellant cannot complain in this court that the court did not refer the case to the commissioner to make a settlement of the partnership when he had at no time asked this in the circuit court. Appellant also insists that the court

was in error in not giving him a judgment on the evidence. But a partnership must be settled in equity on equitable principles, and the discretion of the court in such matters will not be disturbed here, unless on the whole case the mind is not left in doubt as to the truth. A large part of Edwards' claim was for services which he had rendered for the partnership, and some part of McDermott's claim was of the same nature. Ordinarily, a partner will not be allowed credit in a partnership settlement for services performed for the partnership, unless according to the partnership agreement he was to receive compensation therefor apart from his interests in the profits, and in any event he is only entitled to a reasonable compensation under all the facts. 44 C. J. p. 1256, sec. 983. If under the evidence the partnership had been settled under this rule, Edwards would not have been entitled to any judgment against McDermott.

Judgment affirmed.