**Archie PHELPS, Appellant,**

v.

**Floyd KEOWN, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1970.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

Bennett F. Bratcher, Morgantown, for appellee.

REED, Judge.

Archie Phelps and Floyd Keown operated a used car business as partners from the spring of 1966 until August 1967. Keown left the business; Phelps kept the assets and continued selling used cars. The partners could not agree on a financial settlement. Keown sued Phelps for an accounting and settlement of the partnership affairs. The case was referred to a special commissioner who heard the evidence adduced by the parties. The commissioner reported to the trial court that (a) under the partnership arrangement each partner was responsible to contribute one-half of the total capital account; (b) the partners were to share equally in profits and be equally responsible for business losses; (c) each partner did contribute one-half of the total capital except Keown was deficient in this aspect in the amount of $500; after credit for Keown's deficiency in capital contribution, Phelps was indebted to Keown in the amount of $3,250. Phelps filed exceptions to the commissioner's report. The trial judge overruled the exceptions and adopted the report as the findings of fact and conclusions of law of the court. Keown was awarded judgment against Phelps in the amount of $3,250. Phelps appeals. We affirm.

Phelps asserts that the special commissioner ignored the uncontradicted evidence. We have reviewed the evidence.

The testimony for both sides is vague, at times contradictory, and is generally unsatisfactory. It is difficult to separate relevant evidence from irrelevant interjections of unrelated personal financial affairs. Although Keown kept a partnership "book," both partners were active in the business, and each of them handled partnership income and disbursements. Neither of the partners can be said to be more responsible than the other for the confusing state of their business affairs. The special commissioner, a practicing attorney of the local bar, made a valiant effort to determine the truth and arrive at a just determination. He was in much better position than was the trial judge, or are we, to evaluate the credibility of the various items of evidence and the probative value to be assigned to the evidentiary showings made by the contending former partners. We are unable to say that the trial judge erred when he adopted the commissioner's report as his own finding of fact and conclusions of law.

When the special commissioner filed his report, he did not include a transcript of the evidence which he had heard. The exceptions filed by Phelps were specifically directed to the single argument that the findings were not in accordance with the evidence. Phelps agreed to submit his exceptions for the trial court's ruling without argument. Phelps now tells us that the trial judge did not have the transcript of evidence before him when he considered the exceptions and decided to overrule them; the transcript of evidence was not filed in the record until after Phelps filed his notice of appeal to this court.

There are two answers to Phelps's last claim of error. First, under CR 53.04(1), the transcript of evidence taken before a commissioner is a necessary part of the report, unless it is otherwise provided in the order of reference. Phelps should have either objected to the special commissioner's report as incomplete, and requested the trial judge to refer the case back to the commissioner for a complete report or Phelps should have moved the trial judge to direct the commissioner to complete his report by filing the transcript of evidence. Second, we have reviewed the transcript and have found that the special commissioner's findings are not unsupportable when the matters of credibility and probative value are considered. Therefore, the disposition of the issue made in the trial court will be left undisturbed on appeal. Cf. Edwards v. Indiana-Kentucky Oil and Gas Co., 246 Ky. 254, 54 S.W.2d 920 (1932); Feltner v. Collins, Ky., 307 S.W.2d 768 (1958).

The judgment is affirmed.

All concur.